IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35229-3-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| VYACHESLAV KOSTENYUK, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — Vyacheslav Kostenyuk appeals after his conviction

for residential burglary and second degree vehicle prowling. He requests a new trial on

the basis that he received ineffective assistance of counsel. We deny his request and

affirm.

FACTS

While driving his patrol vehicle, Corporal Raymond Harding saw Mr. Kostenyuk

run down a driveway in front of an open garage. Corporal Harding described Mr.

Kostenyuk as running at a full sprint, with "his hands . . . cupped under the front of his

shirt like he was holding something under his shirt as he ran." Report of Proceedings at

He saw Mr. Kostenyuk run in that manner down the street, enter a car, and drive away.

As Corporal Harding passed the house with the open garage, he noticed a car inside the garage with the passenger door and rear hatch opened. Corporal Harding, concerned that a crime may have been committed, eventually stopped Mr. Kostenyuk's car. Once assistance arrived, Corporal Harding returned to the home with the open garage.

Tana Rekofke owned the home and the car parked inside the garage. Ms. Rekofke explained that she had been cleaning the garage, but left it open to go inside her home to answer a telephone call. A few minutes later she heard a door slam and a dog bark, so she hurried back into the garage and noticed her car's passenger door and rear hatch open. Several belongings were missing from her car: a set of keys, a green iPod, cash in unusual denominations, and banking receipts.

Corporal Harding and Ms. Rekofke returned to Mr. Kostenyuk's car. Looking inside the car, she immediately recognized her keys and missing papers. At that point, police seized the car and obtained a search warrant. Police searched the car and found all of Ms. Rekofke's missing items.

No. 35229-3-III
*State v. Kostenyuk*

The State charged Mr. Kostenyuk with one count of residential burglary and one count of second degree vehicle prowling. Mr. Kostenyuk did not file a suppression motion challenging Corporal Harding's authority to stop his car. After a short trial that produced no other challenges on appeal, the jury found Mr. Kostenyuk guilty. Mr. Kostenyuk now appeals.

ANALYSIS

INEFFECTIVE ASSISTANCE OF COUNSEL

Mr. Kostenyuk contends he was deprived of his constitutional right to effective assistance of counsel and requests a new trial. He argues his trial counsel was ineffective for not filing a motion to suppress evidence obtained from the purported unconstitutional stop of his car. He argues a suppression motion would have resulted in the suppression of nearly all evidence, requiring dismissal. The State responds that because facts necessary to adjudicate the claimed error are not in the record, Mr. Kostenyuk's remedy is to file a personal restraint petition. We agree.

In general, we will not consider an issue raised for the first time on appeal. RAP 2.5(a). However, under RAP 2.5(a)(3), we will consider an unpreserved claim if the claim involves a manifest error affecting a constitutional right. A claim of error is not

3

manifest if the facts necessary to adjudicate the claim are not in the record. *State v. McFarland*, 127 Wn.2d 322, 333, 899 P.2d 1251 (1995).

In *State v. Torres*, 198 Wn. App. 864, 879-80, 397 P.3d 900, *review denied*, 189 Wn.2d 1022, 404 P.3d 486 (2017), Ms. Torres alleged that her trial counsel was ineffective for not bringing a suppression motion to challenge a warrantless entry into her home. This court noted that a claim of ineffective assistance is a two-pronged analysis, with the latter prong requiring the defendant to establish prejudice. *Id.* To establish prejudice, Ms. Torres was required to show that the motion to suppress likely would have been granted. *Id.* at 880. We reasoned that her trial counsel's failure to bring a motion to suppress prevented the development of important facts necessary to determine whether the warrantless entry was constitutionally permissible. *Id.* Because the facts necessary to adjudicate her claim were not in the record, we concluded that the claim of error was not manifest and we refused to consider it.

Similarly here, the facts necessary to adjudicate whether Corporal Harding's stop of Mr. Kostenyuk's car was constitutionally permissible are not in the record. Although Corporal Harding testified at trial, neither party developed his reasons for stopping Mr. Kostenyuk because those reasons were not germane to whether Mr. Kostenyuk committed the charged crimes. We, therefore, determine that the claimed error is not manifest and

No. 35229-3-III
*State v. Kostenyuk*

decline to consider it.  Mr. Kostenyuk's remedy is to raise this and any other appropriate

constitutional claim in a personal restraint petition.  *McFarland*, 127 Wn.2d at 339.[1]

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_Lawrence-Berrey, C.J._
Lawrence-Berrey, C.J.

WE CONCUR:

_Fearing, J._
Fearing, J.

_Siddoway, J._
Siddoway, J.

---

[1] Mr. Kostenyuk asks this court to not award appellate costs in the event the State substantially prevails.  The State has substantially prevailed.  In accordance with RAP 14.2, we defer the question of appellate costs to our administrator/clerk or our commissioner.

5